IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


**ALBERT NEWMAN, JR.,**

    **Plaintiff,**

vs.                                                           **Case No. 4:08cv474-SPM/WCS**

**LEON COUNTY COMMISSIONERS,**
**et al.,**

    **Defendants.**

_____/


## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding *pro se* and *in forma pauperis*, has filed an amended civil rights complaint under 42 U.S.C. § 1983. Doc. 6. The amended complaint has now been reviewed pursuant to 28 U.S.C. § 1915A. It is clear that this action cannot proceed.

Plaintiff's claims concern events which led to his arrest on October 9, 2008, for grand theft auto and dealing in stolen property. Plaintiff alleges that he concocted a plan to call Jack's Auto Recycling to inquire about the procedures for "having a junk car or abandoned vehicle towed to [Plaintiff's] place of business." Doc. 6. Plaintiff did not own the car. When the car was towed, Plaintiff went to Jack's Recycling and alleges

that he introduced himself as the one who called about the red 1993 Toyota Corolla. Plaintiff alleges that he spoke with the man behind the desk who Plaintiff alleges, told him that he had his partner (Maulding Towing Service) tow the vehicle to avoid having Plaintiff produce title, registration, or proof of ownership papers. The man gave Plaintiff a white envelope containing $240 and Plaintiff signed for the vehicle and produced his Florida identification to be photocopied.

In August, 2008, deputies with the Leon County Sheriff's Office investigated a report of a stolen automobile, a 1993 Toyota Corolla, which the owner had left parked at 606 West Virginia Street. The owner and his landlord called towing companies and learned that the car had been towed. When the men went to Jack's Auto Recycling, they were shown a transaction ticket for July 23, 2008. The vehicle VIN number and description matched the vehicle that had been "purchased" from Plaintiff for $260. The men were shown Plaintiff's photo identification and the bill of sale, which Plaintiff signed. Plaintiff contends these documents were presented to the car's owner, Mr. Terrab, and the landlord "without the plaintiff's knowledge or consent . . . ." The information was then given to law enforcement and Plaintiff was arrested for theft of the vehicle.

Plaintiff broadly complains that he "was placed in substantial jeopardy of being implicated in the commission of a criminal act and deprived of his liberty, without due process of law and without being informed of the charges against him." *Id.* Plaintiff alleges that his Fourth Amendment rights have been violated, his Sixth Amendment rights were violated (to be informed of the charges against him), and seeks a declaratory judgment be entered, and an injunction which will enjoin all Defendants from prosecuting the case, and monetary damages. Doc. 6. Since Plaintiff was arrested in

October, 2008, and he seeks to block his prosecution, the criminal proceeding against him is currently pending.

In Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994), the United States Supreme Court held that a civil rights action under § 1983 that necessarily calls into question the validity of a conviction or sentence could not accrue until the plaintiff could demonstrate that the conviction or sentence had been reversed, expunged, or otherwise declared invalid. Heck, at 487, 114 S.Ct. at 2372. This has been referred to as the "favorable termination" requirement. *See* Uboh v. Reno, 141 F.3d 1000, 1004-06 (11th Cir. 1998). In this case, Plaintiff cannot demonstrate the favorable termination requirement because Plaintiff still has outstanding criminal charges pending against him. The rule of Heck v. Humphrey "applies not only to convicted persons but also to plaintiffs . . . who as yet only face prosecution." Wiley v. City of Chicago, 361 F.3d 994, 996 (7th Cir. 2004), *citing* Gonzalez v. Entress, 133 F.3d 551, 553 (7th Cir. 1998). In other words, where charges are outstanding against a plaintiff and his constitutional claims would necessarily imply the invalidity of a potential conviction, the action would be barred under Heck. *See* Washington v. Summerville, 127 F.3d 552, 556 (7th Cir. 1997), *cert. denied* 523 U.S. 1073 (1998).

Relying on Smith v. Holtz, 87 F.3d 108 (3d Cir.), *cert. denied* 519 U.S. 1041 (1996)(holding "that a claim that, if successful, would necessarily imply the invalidity of a conviction on a pending criminal charge is not cognizable under § 1983."), the Seventh Circuit concluded that if successful claims "would necessarily imply the invalidity of a potential conviction," then the claims do not accrue until the charges are resolved

favorably to the plaintiff.  Washington, 127 F.3d at 556.[1]  Thus, Heck also prevents § 1983 claims that necessarily imply the invalidity of potential convictions.  Hamilton v. Lyons, 74 F.3d 99, 103 (5th Cir. 1996).

Here, Plaintiff faces charges of dealing in stolen property and grand theft. Plaintiff's claims here would undermine the validity of a potential conviction.  Thus, this action is barred by Heck and should be dismissed without prejudice.  Furthermore, because Plaintiff's criminal case is pending, this court should abstain.[2]  Plaintiff has a judicial forum where his claims on constitutional violations may be raised.

---

[1] In Smith v. Holtz, *supra*, the court reasoned that "many of the concerns noted in Heck apply equally to claims that, if successful, would necessarily imply the invalidity of a future conviction on a pending charge."  87 F.3d at 113, *explained in* Washintgon, 127 F.3d at 556.

> If such a claim could proceed while criminal proceedings are ongoing, there would be a potential for inconsistent determinations in the civil and criminal cases and the criminal defendant would be able to collaterally attack the prosecution in a civil suit.  In terms of the conflicts which *Heck* sought to avoid, there is no difference between a conviction which is *outstanding* at the time the civil rights action is instituted and a *potential* conviction on a pending charge that may be entered at some point thereafter.

Smith, 87 F.3d at 113 (emphasis in original).

[2] The federal courts, by virtue of 28 U.S.C. § 2283, generally lack the power to enjoin pending state court proceedings, "except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."  28 U.S.C. § 2283.  Independent of the statutory limitation on the federal injunctive power, considerations of federalism and comity have led to the development of an "abstention doctrine" that counsels against federal interference with pending state court proceedings.  Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).  In Younger, the United States Supreme Court held that an ongoing state criminal proceeding may not be enjoined "except under special circumstances." *Id.*, at 41, 91 S.Ct. at 749.  Special circumstances are not alleged here.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's amended complaint, doc. 6, be **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2) because it is barred by Heck v. Humphrey, and the order adopting this report and recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on December 22, 2008.


 s/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**